IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| WILDEARTH GUARDIANS,<br><br>     Plaintiff,<br><br>vs.<br><br>CRAIG HOOVER; DANIEL ASHE; UNITED STATES FISH AND WILDLIFE SERVICE; SALLY JEWELL; AND THE UNITED STATES DEPARTMENT OF THE INTERIOR,<br><br>     Defendants. | No.: 9:16-cv-00065-DWM<br><br>PARTIES' PROPOSED CASE MANAGEMENT PLAN |

Pursuant to the Court's Order of May 4, 2016 (Doc. 3), counsel for Plaintiff WildEarth Guardians (Guardians) and counsel for Federal Defendants U.S. Fish and Wildlife Service et al. (the Service) met and conferred on July 19, 2016.  The Parties hereby respectfully submit this proposed case management plan.

**1.  Settlement**:  The Parties have discussed the possibility of settlement, and agree to exchange settlement proposals, and to continue to explore settlement opportunities while this matter is pending.  The Parties added time to the proposed case schedule to accommodate settlement negotiations.

1

2.  **Motions to Dismiss**:  On July 11, 2016, the Service filed a motion under Fed. R. Civ. P. 12(b)(1) to dismiss Guardians' complaint for lack of standing. Doc. 5.  On July 18, 2016, Guardians filed an amended complaint under Fed. R. Civ. P. 15(a).  Doc. 9. The Parties agree that Guardians' amended complaint supersedes the original complaint (Doc. 1), and renders moot the Service's pending motion to dismiss.  *See Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997); *Appling v. Service Management Systems, Inc.*, No. CIV F 06-1645 AWI LJO, 2007 WL 127973, at *1 (E.D. Cal. Jan. 12, 2007).  The Service intends to re-file its Fed. R. Civ. P. 12(b)(1) motion to dismiss for lack of standing.  The Parties propose this schedule to resolve the motion: (a) the Service's Fed. R. Civ. P. 12(b)(1) motion to dismiss for lack of standing is due on or before August 5, 2016, (b) Guardians' response is due on or before September 9, 2016, (c) the Service's reply is due on or before September 23, 2016.

3.  **Administrative Record:**  If the Court denies the Service's Fed. R. Civ. P. 12(b)(1) motion to dismiss (or if it does not decide the motion before November 4, 2016), the Service shall file an Administrative Record on or before November 4, 2016.  The Service shall simultaneously serve a copy of the Administrative Record on Guardians' counsel.  After the Service files the Administrative Record, the Parties will endeavor to resolve any issues or disputes about its contents.  If these efforts are unsuccessful, Guardians may file on or before January 6, 2017 any

motion objecting to the contents of the Administrative Record, seeking to supplement and/or complete the Administrative Record, and/or seeking discovery. The Service reserves the right to oppose any such motion(s). The filing of any such motion(s) will stay the schedule for briefing on summary judgment (outlined below).

    **4. Motions to Amend Pleadings:** The deadline for filing any motions to amend the pleadings is January 6, 2017. The filing of any such motion(s) will stay the schedule for briefing on summary judgment (outlined below).

    **5. Summary Judgment:** The parties agree the Court may resolve this case on cross-motions for summary judgment. If no motions are filed to amend the pleadings, objecting to the record, seeking to supplement the record, and/or seeking to conduct discovery, Guardians shall file a motion for summary judgment and supporting memorandum (limited to 6,500 words) on or before February 3, 2017. The Service's response to Guardians' motion for summary judgment, and its cross-motion for summary judgment (limited to 6,500 words) shall be filed on or before March 3, 2017. Guardians' joint response and reply to the Service's cross-motion for summary judgment (limited to 6,500 words) shall be filed on or before March 31, 2017. The Service's reply (limited to 6,500 words) shall be filed on or before April 28, 2017.

    **6. Stipulation to Foundation and Authenticity:** Pursuant to the Court's

Order of May 4, 2016 (Doc. 3), the Parties hereby stipulate as to the foundation and authenticity for all written documents produced in pre-trial disclosure and during the course of discovery (if sought and allowed in this case).  If receiving counsel objects to either the foundation or authenticity of a particular document, then he or she must make a specific objection to producing counsel in writing within 30 days after receiving the document.  If the producing Party objects to a document's foundation or authenticity, the producing Party shall so state, in writing, at the time of production, in sufficient time for receiving counsel to lay the foundation or establish authenticity through depositions or other discovery.  All other objections are reserved.

Date:   July 21, 2016.            Respectfully submitted,

/s/ Sarah McMillan
Sarah McMillan

/s/ Matthew K. Bishop
Matthew K. Bishop

*Counsel for Plaintiff*


/s/ Ruth Ann Storey

*Counsel for Federal Defendants*