IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

**FILED**

**AUG 0 3 2016**

Clerk, U S District Court
District Of Montana
Missoula

WILDEARTH GUARDIANS,

          Plaintiff,

    vs.

CRAIG HOOVER; DANIEL ASHE;
UNITED STATES FISH AND
WILDLIFE SERVICE; SALLY
JEWELL; AND THE UNITED STATES
DEPARTMENT OF THE INTERIOR,

          Defendants,

  and

MONTANA TRAPPERS
ASSOCIATION and NATIONAL
TRAPPERS ASSOCIATION,

          Defendant-Intervenors.

CV 16–65–M–DWM

ORDER

Plaintiff WildEarth Guardians seeks declaratory and injunctive relief against

the United States Fish and Wildlife Service of the Department of the Interior for

violating the National Environmental Policy Act in the administration of the

Convention on International Trade in Endangered Species ("CITES") export

program for pelts and parts of furbearer species. The Montana Trappers

Association and the National Trappers Association (collectively "Trapper

1

Intervenors") seek to intervene pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure. (Doc. 19.) That motion is granted.[1]

An applicant seeking to intervene as a matter of right under Rule 24(a)(2) must meet four requirements: "(1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest." *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (quoting *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006)). While all four requirements must be met, they are interpreted broadly in favor of intervention. *Id.*

With respect to the first requirement, Trapper Intervenors filed their motion to intervene in a timely manner, less than one month after Plaintiff's First Amended Complaint was filed. Intervention at this early stage will not cause prejudice or disrupt or delay the case. Second, Trapper Intervenors have a significant protectable interest in the action. An applicant must establish its

---

[1] Because Trapper Intervenors may intervene as a matter of right, their alternative argument for permissive intervention pursuant to Rule 24(b)(2) is not addressed.

interest "is protectable under some law, and . . . there is a relationship between the legally protected interest and the claims at issue." *Wilderness Socy. v. U.S. Forest Serv.*, 630 F.3d 1173, 1180 (9th Cir. 2011) (quoting *Sierra Club v. U.S. Envtl. Protec. Agency*, 995 F.2d 1478, 1484 (9th Cir. 1993)).  A putative intervenor's ability to protect that interest is impaired or impeded "if it will suffer a practical impairment of its interests as a result of the pending litigation." *Id.* (quoting *California ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006)). Trapper Intervenors have an interest in how they and their members are regulated by CITES and the financial viability of the organizations could be threatened if exportation of certain species under CITES is prohibited.  The disposition of the claims at issue threaten Trapper Intervenors' ability to protect their interests. *Citizens for Balanced Use*, 647 F.3d at 898.  Finally, Trapper Intervenors meet their burden of showing inadequacy of representation.  This burden is "'minimal' and may be satisfied if the applicant can demonstrate that representation of its interests 'may be' inadequate." *Id.* (quoting *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003)).  Because Defendants and Trapper Intervenors share the same ultimate objective —i.e., upholding Defendants' regulatory decisions—there is a presumption of adequate representation.  *Id.*  Nevertheless, "the government's representation of the public interest may not be 'identical to the individual

3

parochial interest' of a particular group just because 'both entities occupy the same posture in the litigation.'" *Id.* at 899 (quoting *WildEarth Guardians v. U.S. Forest Serv.*, 573 F.3d 992, 996 (10th Cir. 2009)). Here, while both Defendants and Trapper Intervenors seek to defend the regulatory process that was followed in this case, their ultimate goals are different. Defendants are bound to follow the proper regulatory process even if exportation under CITES becomes limited in a way contrary to Trapper Intervenors' goals, rebutting the presumption of adequate representation.

Because Trapper Intervenors satisfy the requirements for intervention as a matter of right, IT IS ORDERED that their motion to intervene (Doc. 19) is GRANTED. Trapper Interventors shall re-file their answer as a separate docket entry in the case. The caption is modified as reflected above.

IT IS FURTHER ORDERED that Trapper Intervenors shall also re-file their motion for the *pro hac vice* admission of Gary Leistico for consideration as a separate docket entry in the case.

IT IS FURTHER ORDERED that the Case Management Order (Doc. 13) is amended to allow Trapper Intervenors to file their combined response and cross-motion for summary judgment on or before March 3, 2017, and Reply on or before April 28, 2017. Neither filing shall exceed 6,500 words. The July 21, 2016 Case

4

Management Order remains in full force and effect in all other respects.

Dated this __2nd__ day of August, 2016.

_____
Donald W. Molloy, District Judge
United States District Court