IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

FILED

DEC 2 0 2016

Clerk, U.S. District Court
District Of Montana
Missoula

| | |
|---|---|
| WILDEARTH GUARDIANS,<br><br>Plaintiff,<br><br>vs.<br><br>CRAIG HOOVER; DANIEL ASHE; UNITED STATES FISH AND WILDLIFE SERVICE; SALLY JEWELL; AND THE UNITED STATES DEPARTMENT OF THE INTERIOR,<br><br>Defendants,<br>and<br><br>MONTANA TRAPPERS ASSOCIATION, NATIONAL TRAPPERS ASSOCIATION, and FUR INFORMATION COUNCIL OF AMERICA,<br><br>Defendant-Intervenors. | CV 16–65–M–DWM<br><br>ORDER |

Plaintiff WildEarth Guardians seeks declaratory and injunctive relief against the United States Fish and Wildlife Service of the Department of the Interior (collectively "the Service") for violating the National Environmental Policy Act ("NEPA") in the administration of the Convention on International Trade in Endangered Species ("CITES") export program for pelts and parts of furbearer

1

species. On August 3, 2016, the Montana Trappers Association and the National Trappers Association were granted leave to intervene on the side of the Service. (Doc. 21.) The Fur Information Council of America ("Fur Information Council") seeks to intervene as well, (Doc. 36), and its request is granted.[1]

A party qualifies to intervene as a matter of right under Rule 24(a)(2) of the Federal Rules of Civil Procedure if four requirements are met: "(1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest." *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (quoting *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006)). While all four requirements must be met, they are interpreted broadly in favor of intervention.[2] *Id.*

In deciding if a motion to intervene is timely, courts consider "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to

---

[1] Because the Fur Information Council may intervene as a matter of right, its alternative argument for permissive intervention pursuant to Rule 24(b)(2) is not addressed.

[2] While the motion indicates it is opposed by the plaintiff, WildEarth did not file a response brief. *See* L.R. 7.1(d)(1)(B)(ii) ("[F]ailure to file a response brief may be deemed an admission that the motion is well-taken.").

other parties; and (3) the reason for and length of the delay." *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004) (internal quotation marks and citation omitted). Here, while WildEarth's Amended Complaint was filed five months ago, the briefing schedule has been stayed pending further environmental analysis by the Service. (*See* Doc. 42.) Fur Information Council would be able to follow the same briefing schedule assigned other parties, preventing prejudice. As for the reason of the delay, Fur Information Council indicates it was waiting for a ruling on the Service's dismissal motion. In light of the early stage of the proceeding, the lack of prejudice, and the reason provided for delay, Fur Information Council's motion is timely.

A prospective intervenor must further establish its interest "is protectable under some law, and . . . there is a relationship between the legally protected interest and the claims at issue." *Wilderness Socy. v. U.S. Forest Serv.*, 630 F.3d 1173, 1180 (9th Cir. 2011) (quoting *Sierra Club v. U.S. Envtl. Protec. Agency*, 995 F.2d 1478, 1484 (9th Cir. 1993)). A putative intervenor's ability to protect that interest is impaired or impeded "if it will suffer a practical impairment of its interests as a result of the pending litigation." *Id.* (quoting *California ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006)). The Fur Information Council has an organizational interest—and its members a financial one—in the

3

CITES regulatory regime. The disposition of the claims at issue could threaten the Fur Information Council's ability to protect it and its members' interests. *Citizens for Balanced Use*, 647 F.3d at 898.

Finally, Fur Information Council meets its burden of showing inadequacy of representation. This burden is "'minimal' and may be satisfied if the applicant can demonstrate that representation of its interests 'may be' inadequate." *Id.* (quoting *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003)). Because Federal Defendants, the existing Trapper Intervenors, and the Fur Information Council share the same ultimate objective —i.e., upholding Defendants' regulatory decisions—there is a presumption of adequate representation. *Id.* Nevertheless, "the government's representation of the public interest may not be 'identical to the individual parochial interest' of a particular group just because 'both entities occupy the same posture in the litigation.'" *Id.* at 899 (quoting *WildEarth Guardians v. U.S. Forest Serv.*, 573 F.3d 992, 996 (10th Cir. 2009)). Here, while both Federal Defendants and the Fur Information Council seek to defend the regulatory process that was followed in this case, their ultimate goals are different. Federal Defendants are bound to follow the proper regulatory process even if exportation under CITES becomes limited in a way contrary to the Fur Information Council's goals, rebutting the presumption of adequate representation.

4

The Fur Information Council's interests are also distinguishable from the existing Trapper Intervenors, as the latter have outlined a specific interest in how regulation will affect trapping; regulation could affect trapping and licensing of exports differently.

Because the Fur Information Council satisfies the requirements for intervention as a matter of right,

IT IS ORDERED that its motion to intervene (Doc. 36) is GRANTED. The Fur Information Council shall re-file its answer as a separate docket entry in the case. The caption is modified as reflected above. The case shall proceed as outlined in the Stay Order. (*See* Doc. 42.)

IT IS FURTHER ORDERED that the Fur Information Council shall also re-file its motion for the *pro hac vice* admission of Ira T. Kasdan for consideration as a separate docket entry in the case.

Dated this 20th day of December, 2016.

Donald W. Molloy, District Judge
United States District Court

5