JEFFREY H. WOOD,
Acting Assistant Attorney General
TRAVIS ANNATOYN, Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
(202) 514-5243 (tel)
(202) 305-0275 (fax)

Attorneys for Federal Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| WILDEARTH GUARDIANS,<br><br>      Plaintiff,<br><br>vs.<br><br>CRAIG HOOVER; GREG SHEEHAN; UNITED STATES FISH AND WILDLIFE SERVICE; RYAN ZINKE; AND THE UNITED STATES DEPARTMENT OF THE INTERIOR,<br><br>      Defendants,<br><br>MONTANA TRAPPERS ASSOCIATION, et al.<br><br>      Defendant-Intervenors. | CV 16-65-M-DWM<br><br>ANSWER TO PLAINTIFF'S AMENDED AND SUPPLEMENTAL COMPLAINT |

Federal Defendants Craig Hoover, Greg Sheehan, the United States Fish and Wildlife Service, and the United States Department of the Interior, by and through their undersigned counsel, hereby respond to Plaintiff's Supplemental and Amended Complaint ('Complaint"), ECF No. 62. The numbered paragraphs and headings of Defendants' Answer correspond to the numbered paragraphs and headings of Plaintiff's Complaint. All allegations of the Complaint that are not specifically admitted, denied, or qualified are hereby expressly denied.

1.     The allegations in the first and third sentences of Paragraph 1 consist of Plaintiff's characterization of its case and legal conclusions, which require no response.  To the extent a response is required, Federal Defendants deny each of the allegations.  Defendants admit the allegations in the second sentence of Paragraph 1.  Defendants deny the allegations in the fourth and fifth sentences of Paragraph 1.

2.     The allegations in the first sentence of Paragraph 2 consist of Plaintiff's characterization of legal conclusions, which require no response.  The allegations in the second sentence of in Paragraph 2 purport to characterize an Environmental Assessment, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the Assessment's plain language, meaning, or context.   To the extent a response is required, Defendants deny each of the allegations.   Defendants admit the allegations in the

1

fourth sentence of Paragraph 2.  The allegations in the third and fifth sentences of Paragraph 2 consist of Plaintiff's characterization of its case, which require no response.  To the extent a response is required, Defendants deny each of the allegations.

3.  The allegations in Paragraph 3 consist of Plaintiff's characterization of its case and legal conclusions, which require no response.  To the extent a response is required, Federal Defendants deny each of the allegations.

4.  The allegations in Paragraph 4 consist of Plaintiff's characterization of its case and legal conclusions, which require no response.  To the extent a response is required, Federal Defendants deny each of the allegations.

5.  The allegations in Paragraph 5 consist of Plaintiff's characterization of its case and legal conclusions, which require no response.  To the extent a response is required, Defendants deny each of the allegations.

6.  Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in first, second, third, and fourth sentences of Paragraph 6, and on that basis deny the allegations.

7.  Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first, second, third, fourth, and fifth sentences of Paragraph 7, and on that basis deny the allegations. Defendants deny the allegations in the sixth sentence of Paragraph 7.

8. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 8, and on that basis deny the allegations.

9. Defendants admit the allegations in the first and second sentences of Paragraph 9. The allegations in the third sentence of Paragraph 9 are vague and ambiguous, and Defendants deny the allegations on that basis.

10. Defendants admit the allegations in the first and second sentences of Paragraph 10. The allegations in the third sentence of Paragraph 10 are vague and ambiguous, and Defendants deny the allegations on that basis.

11. Defendants admit the allegations in the first sentence of Paragraph 11. The allegations in the second sentence of Paragraph 11 are vague and ambiguous, and Defendants deny the allegations on that basis.

12. Defendants admit the allegations in the first and second sentences of Paragraph 12. The allegations in the third sentence of Paragraph 12 are vague and ambiguous, and Defendants deny the allegations on that basis.

13. The allegations in Paragraph 13 are vague and ambiguous, and Defendants deny the allegations on that basis.

14. The allegations in the fifth sentence of Paragraph 14 purport to characterize the Convention on the International of Endangered Species ("CITES"), which speaks for itself and is the best evidence of its contents.

Defendants deny any allegations inconsistent with CITES' plain language, meaning, or context. Defendants admit the remaining allegations in Paragraph 14.

15. The allegations in Paragraph 15 purport to describe and characterize CITES, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with CITES' plain language, meaning, or context.

16. The allegations in the first and second sentences of Paragraph 16 purport to characterize CITES, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with CITES' plain language, meaning, or context. The allegations in the third, fourth, and fifth sentences of Paragraph 16 are vague and ambiguous, and Defendants deny the allegations on that basis, except that Defendants admit FWS' Divisions of Management Authority and Scientific Authority have certain responsibilities under CITES.

17. The allegations in the first, third, fourth, and fifth sentences of Paragraph 17 purport to characterize CITES and its implementing regulations, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with CITES' or the regulations' plain language, meaning, or context. Defendants admit the allegations in the second sentence of Paragraph 17.

4

18. The allegations in Paragraph 18 purport to describe and characterize CITES, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with CITES' plain language, meaning, or context.

19. Defendants admit the allegations in the first, second, and third sentences of Paragraph 19. The remaining allegations in Paragraph 19 purport to characterize regulations implementing CITES, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the regulations' plain language, meaning, or context.

20. The allegations in Paragraph 20 purport to characterize CITES and its implementing regulations, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, meaning, or context of CITES or its implementing regulations.

21. Defendants admit the allegations in the first, second, and third sentences of Paragraph 21. The remaining allegations of Paragraph 21 are vague and ambiguous, and Defendants deny the allegations on that basis.

22. The allegations in Paragraph 22 purport to characterize CITES and its implementing regulations, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, meaning, or context of CITES or its implementing regulations.

23. The allegations of Paragraph 23 are vague and ambiguous, and Defendants deny the allegations on that basis.

24. The allegations of Paragraph 24 are vague and ambiguous, and Defendants deny the allegations on that basis.

25. The allegations of Paragraph 25 are vague and ambiguous, and Defendants deny the allegations on that basis.

26. The allegations of Paragraph 26 are vague and ambiguous, and Defendants deny the allegations on that basis.

27. The allegations of Paragraph 27 are vague and ambiguous, and Defendants deny the allegations on that basis.

28. The allegations of Paragraph 28 are vague and ambiguous, and Defendants deny the allegations on that basis.

29. The allegations of Paragraph 29 are vague and ambiguous, and Defendants deny the allegations on that basis.

30. The allegations of Paragraph 30 are vague and ambiguous, and Defendants deny the allegations on that basis.

31. The allegations of Paragraph 31 are vague and ambiguous, and Defendants deny the allegations on that basis.

32. The allegations of Paragraph 32 are vague and ambiguous, and Defendants deny the allegations on that basis.

33.     The allegations of Paragraph 33 are vague and ambiguous, and Defendants deny the allegations on that basis.

34.     The allegations of Paragraph 34 are vague and ambiguous, and Defendants deny the allegations on that basis.

35.     The allegations of Paragraph 35 are vague and ambiguous, and Defendants deny the allegations on that basis.

36.     The allegations of Paragraph 36 are vague and ambiguous, and Defendants deny the allegations on that basis.

37.     Defendants admit the allegations in Paragraph 37.

38.     Defendants admit the allegations in the first sentence of Paragraph 38. Defendants deny the allegations in the fifth sentence of Paragraph 38. The remaining allegations in Paragraph 38 purport to characterize an Environmental Assessment, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, meaning, or context of the Environmental Assessment.

39.     Defendants deny the allegations in the first sentence of Paragraph 39. The allegations in the second sentence of Paragraph 39 are vague and ambiguous, and Defendants deny the allegations on that basis. The allegations in the third sentence of Paragraph 39 consist legal conclusions, which require no response. To the extent a response is required, Defendants deny each of the allegations

40. Defendants admit the allegations in the first sentence of Paragraph 40. The remaining allegations in Paragraph 40 purport to characterize a Biological Opinion, which speaks for itself and is the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, meaning, or context of the Biological Opinion.

41. The allegations in Paragraph 41 purport to characterize a Biological Opinion, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, meaning, or context of the Biological Opinion.

42. The allegations in the first, second and third sentences of Paragraph 42 purport to characterize a Biological Opinion, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, meaning, or context of the Biological Opinion. The remaining allegations in Paragraph 42 are vague and ambiguous, and Defendants deny the allegations on that basis.

43. The allegations in Paragraph 43 purport to characterize a Biological Opinion, which speaks for itself and is the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, meaning, or context of the Biological Opinion.

44. Defendants admit the allegations in the first sentence of Paragraph 44. The second sentence is vague and ambiguous, and Defendants deny the allegations on that basis. The remaining allegations in Paragraph 44 purport to characterize a Biological Opinion and a brochure, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, meaning, or context of the Biological Opinion or brochure.

45. The allegations in the first sentence of Paragraph 45 purport to characterize a Biological Opinion, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, meaning, or context of the Biological Opinion. The allegations in the second sentence of Paragraph 45 are vague and ambiguous, and Defendants deny the allegations on that basis.

46. The allegations in Paragraph 46 are vague and ambiguous, and Defendants deny the allegations on that basis.

47. Defendants hereby incorporate all proceeding Paragraphs.

48. The allegations in Paragraph 48 purport to characterize the National Environmental Policy Act ("NEPA") and its implementing regulations, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, meaning, or context of NEPA or its implementing regulations.

49. The allegations in the first sentence of 49 purport to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, meaning, or context of NEPA or its implementing regulations. The allegations in the second sentence of Paragraph 49 purport to characterize an Environmental Assessment, which speaks for itself and is the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, meaning, or context of the Environmental Assessment. Defendants deny the allegations in the third sentence of Paragraph 49.

50. The allegations in the first sentence of Paragraph 50 purport to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, meaning, or context of NEPA or its implementing regulations. The allegations in the second sentence of Paragraph 50 purport to characterize an Environmental Assessment, which speaks for itself and is the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, meaning, or context of the Environmental Assessment. Defendants deny the allegations in the third sentence of Paragraph 50.

51. The allegations in the first sentence of Paragraph 51 purport to characterize NEPA and its implementing regulations, which speak for themselves

and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, meaning, or context of NEPA or its implementing regulations. The allegations in the second sentence of Paragraph 51 purport to characterize an Environmental Assessment, which speaks for itself and is the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, meaning, or context of the Environmental Assessment. Defendants deny the remaining allegations in Paragraph 51.

52. The allegations in the first sentence of Paragraph 52 purport to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, meaning, or context of NEPA or its implementing regulations. Defendants deny the remaining allegations in Paragraph 52.

53. The allegations in the first sentence of Paragraph 53 consist of legal conclusions, which require no response. To the extent a response is required, Defendants deny each of the allegations. Defendants deny the allegations in the second sentence of Paragraph 53.

54. Defendants deny the allegations in Paragraph 54.

55. Defendants hereby incorporate all proceeding Paragraphs.

56. Defendants deny the allegations in the first sentence of Paragraph 56. The remaining allegations in Paragraph 56 purport to characterize a Biological Opinion, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, meaning, or context of the Biological Opinion.

57. Defendants admit the allegations in the first sentence of Paragraph 57. The allegations in the second and third sentences of Paragraph 57 purport to characterize the Endangered Species Act ("ESA") and its implementing regulations, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, meaning, or context of the ESA or its implementing regulations. The remaining allegations in Paragraph 57 purport to characterize a Biological Opinion, which speaks for itself and is the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, meaning, or context of the Biological Opinion.

58. The allegations in the first, second, and third sentences of Paragraph 58 purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, meaning, or context of the ESA or its implementing regulations. The allegations in the fourth sentence of Paragraph

58 consist of legal conclusions, which require no response. To the extent a response is required, Defendants deny each of the allegations. Defendants admit the allegations in the fifth and sixth sentences of Paragraph 58. Defendants deny the allegations of the seventh sentence of Paragraph 58.

## PRAYER FOR RELIEF

The remainder of Plaintiff's Complaint consists of Plaintiff's Prayer for Relief, to which no answer is necessary. To the extent that a response is required, Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

1. This Court lacks subject matter jurisdiction over some or all Plaintiff's claims.

2. Plaintiff lacks standing.

Dated: August 31, 2017

        Respectfully submitted,

        JEFFREY H. WOOD, Acting Assistant Attorney General
        SETH M. BARSKY, Chief
        MEREDITH L. FLAX, Assistant Chief

        */s/ Travis Annatoyn*
        TRAVIS ANNATOYN, Trial Attorney
        U.S. Department of Justice
        Environment and Natural Resources Division
        Wildlife and Marine Resources Section
        Ben Franklin Station, P.O. Box 7611

Washington, D.C. 20044-7611
Telephone: (202) 514-5243
Facsimile: (202) 305-0275
Travis.Annatoyn@usdoj.gov

Attorneys for Federal Defendants

Nancy Brown-Kobil, Attorney-Advisor
Depart of the Interior, Office of the Solicitor
Division of Parks and Wildlife
1849 C Street NW, Washington, DC 20240
Telephone: (202) 208-6479
Nancy.Brown-Kobil@sol.doi.gov

Russell Husen, Attorney-Advisor
Depart of the Interior, Office of the Solicitor
Division of Parks and Wildlife
1849 C Street NW, Washington, DC 20240
Telephone: (202) 208-7401
Russell.Husen@sol.doi.gov

Of Counsel