W. Carl Mendenhall
Worden Thane P.C.
111 North Higgins Avenue, Suite 600
P.O. Box 4747
Missoula, MT 59806-4747
Tel. (406) 721-3400
Fax (406) 721-6985
Email: cmendenhall@wordenthane.com

Gary R. Leistico, *applicant for pro hac vice*
Rinke Noonan
1015 W. St. Germain Street, Suite 300
P.O. Box 1497
St. Cloud, MN 56302-1497
Tel. (320) 251-6700
Fax (320) 656-3500
Email: gleistico@rinkenoonan.com

Counsel for Defendant-Intervenors

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

WILDEARTH GUARDIANS

               Plaintiffs,                        Civil Action No. 9:16-CV-0065DWM

vs.

CRAIG HOOVER, et al. ,

               Defendants,

Montana Trappers Association, et al.,

               Defendant-Intervenors.

## <u>ANSWER OF THE DEFENDANT INTERVENORS MONTANA TRAPPERS ASSOCIATION AND NATIONAL TRAPPERS ASSOCIATION</u>

Defendant-Intervenors the Montana Trappers' Association ("MTA") and the National Trappers' Association ("NTA") (collectively "Trapper Intervenors"), through counsel and pursuant to the Federal Rules of Civil Procedure and the Local Rules of the Court, hereby submit their Answer to Plaintiffs' Supplemental and Amended Complaint (Doc. 62)  ("Complaint").

## <u>INTRODUCTION</u>

1.      Paragraph 1 is a characterization of the Complaint itself to which no response is required.  To the extent a response is required, Trapper Intervenors admit that the U.S. Fish & Wildlife Service ("Service") has a wildlife export program, but denies the remaining allegations in full.

2.      Paragraph 2 is a characterization of the Complaint itself to which no response is required.  To the extent a response is required, Trapper Intervenors admit that the Service prepared an Environmental Assessment ("EA") and issued a Biological Opinion and Incidental Take Statement, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and on that basis denies them in full.

[20716-0009/2773099/1]                                                          2

## JURISDICTION AND VENUE

3.      The allegations in paragraph 3 are legal conclusions and require no response.

4.      Trapper Intervenors deny the allegations in paragraph 4 of the Complaint.

5.      The allegations in paragraph 5 are legal conclusions and require no response.

## PARTIES

6.      Trapper Intervenors are without sufficient information or knowledge to form an opinion as to the truth of the allegations in paragraph 6, and on that basis denies them in full.

7.      Trapper Intervenors specifically deny that the Service has disregarded or violated any rights of Guardians' members and supporters, but is otherwise without sufficient information or knowledge to form an opinion as to the truth of the remaining allegations in paragraph 7, and on that basis denies them in full.   To the extent that paragraph 7 is included to establish standing, Trapper Intervenors aver that Guardians' lack standing and preserves its right to challenge Guardians' standing in the future as this case progresses.

8.     Trapper Intervenors specifically deny that Guardians' members and supporters have been harmed or suffered injuries or that a court order that the EA is invalid would help redress those injuries if they did exist, but is otherwise without sufficient information or knowledge to form an opinion as to the truth of the remaining allegations in paragraph 8, and on that basis denies them in full.   To the extent that paragraph 8 is included to establish standing, Trapper Intervenors aver that Guardians' lack standing and preserves its right to challenge Guardians' standing in the future as this case progresses.

9.     Trapper Intervenors admit that Defendant Craig Hoover is Chief of the Service's Division of Management Authority, but is without sufficient information or knowledge to form an opinion as to the truth of the remaining allegations in paragraph 9, and on that basis denies them in full.

10.     Trapper Intervenors admit that Defendant Greg Sheehan is the Acting Director of the Service, but is without sufficient information or knowledge to form an opinion as to the truth of the remaining allegations in paragraph 10, and on that basis denies them in full.

11.     Trapper Intervenors admit that the U.S. Fish and Wildlife Service is a federal agency but is without sufficient information or knowledge to form an

opinion as to the truth of the remaining allegations in paragraph 11, and on that basis denies them in full.

12.    Trapper Intervenors admit that Ryan Zinke is the Secretary of the Interior but is without sufficient information or knowledge to form an opinion as to the truth of the remaining allegations in paragraph 12, and on that basis denies them in full.

13.    Trapper Intervenors admit that the U.S. Department of the Interior is a federal department but is without sufficient information or knowledge to form an opinion as to the truth of the remaining allegations in paragraph 13, and on that basis denies them in full.

## **FACTS**

14.    Trapper Intervenors state that the Convention on International Trade in Endangered Species ("CITES") speaks for itself and is the best evidence of its own contents, and specifically denies any characterization of CITES.  Trapper Intervenors are without sufficient information or knowledge to form an opinion as to the truth of the remaining allegations in paragraph 14, and on that basis denies them in full.

15.    Trapper Intervenors state that CITES speaks for itself and is the best evidence of its own contents, and specifically denies any characterization of

CITES.  Trapper Intervenors are without sufficient information or knowledge to form an opinion as to the truth of the remaining allegations in paragraph 15, and on that basis denies them in full.

16.     Trapper Intervenors state that CITES speaks for itself and is the best evidence of its own contents, and specifically denies any characterization of CITES.  Trapper Intervenors are without sufficient information or knowledge to form an opinion as to the truth of the remaining allegations in paragraph 16, and on that basis denies them in full.

17.     Trapper Intervenors state that CITES speaks for itself and is the best evidence of its own contents, and specifically denies any characterization of CITES.  Trapper Intervenors are without sufficient information or knowledge to form an opinion as to the truth of the remaining allegations in paragraph 17, and on that basis denies them in full.

18.     Trapper Intervenors state that CITES speaks for itself and is the best evidence of its own contents, and specifically denies any characterization of CITES.   Trapper Intervenors are without sufficient information or knowledge to form an opinion as to the truth of the remaining allegations in paragraph 18, and on that basis denies them in full.

19.     Trapper Intervenors state that CITES and the regulations promulgated by the Service speak for themselves and are the best evidence of their own contents, and specifically denies any characterization of CITES and/or the regulations.  Trapper Intervenors are without sufficient information or knowledge to form an opinion as to the truth of the remaining allegations in paragraph 19, and on that basis denies them in full.

20.     Trapper Intervenors are without sufficient information or knowledge to form an opinion as to the truth of the allegations in paragraph 20, and on that basis denies them in full.

21.     Trapper Intervenors are without sufficient information or knowledge to form an opinion as to the truth of the allegations in paragraph 21, and on that basis denies them in full.

22.     Trapper Intervenors are without sufficient information or knowledge to form an opinion as to the truth of the allegations in paragraph 22, and on that basis denies them in full.

23.     Trapper Intervenors admit that in some areas conibear or body-gripping traps are used to trap bobcats, and admit that bait is sometimes used in trapping bobcats. Trapper Intervenors otherwise deny the allegations in paragraph 23.

24.     Trapper Intervenors admit that in some areas snares are used to catch bobcats, and admit that bait is sometimes used to attract bobcats. Trapper Intervenors otherwise deny the allegations in paragraph 24.

25.     Trapper Intervenors admit that in some areas foothold traps are used to trap bobcats and admit that bait is sometimes used to attract bobcats.  Trapper Intervenors otherwise deny the allegations in paragraph 25.

26.     Trapper Intervenors are without sufficient information or knowledge to form an opinion as to the truth of the allegations in paragraph 26, and on that basis denies them in full.

27.     Trapper Intervenors admit that trappers use a variety of methods to trap and admit that snares, conibear traps, foothold traps, and leaning-pole sets are sometimes used to trap. Trapper Intervenors further admit that bait is used by some individuals. Trapper Intervenors otherwise deny the allegations in paragraph 27.

28.     Trapper Intervenors admit that foothold traps may be used to trap wolves in Montana. Trapper Intervenors otherwise deny the allegations in paragraph 28.

29.     Trapper Intervenors are without sufficient information or knowledge to form an opinion as to the truth of the allegations in paragraph 29, and on that basis denies them in full.

30.     Trapper Intervenors are without sufficient information or knowledge to form an opinion as to the truth of the allegations in paragraph 30, and on that basis denies them in full.

31.     Trapper Intervenors are without sufficient information or knowledge to form an opinion as to the truth of the allegations in paragraph 31, and on that basis denies them in full.

32.     Trapper Intervenors admit that Canada lynx may occur or be present in areas where states and tribes allow trapping for other species, but otherwise deny the allegations in paragraph 32.

33.     Trapper Intervenors admit there are reports where Canada lynx have rarely been caught in traps and snares set for other species but are otherwise without sufficient information or knowledge to form an opinion as to the truth of the remaining allegations in paragraph 33, and thus deny them.

34.     Trapper Intervenors deny that the incidental or illegal killing of individual Canada lynx can harm Canada lynx populations, but are otherwise without sufficient information or knowledge to form an opinion as to the truth of the remaining allegations in paragraph 34, and thus deny them.

35.    Trapper Intervenors are without sufficient information or knowledge to form an opinion as to the truth of the allegations in paragraph 35, and on that basis denies them in full.

36.    Trapper Intervenors admit that there is international demand for bobcat, gray wolf, and other animals' pelts and parts, but denies the remaining allegations in paragraph 36 in full.

37.    Trapper Intervenors admit the allegations in paragraph 37.

38.    Trapper Intervenors admit that in 2017 the Service issued an EA and Decision Record, but denies that the Service should have prepared an Environmental Impact Statement.  For all remaining allegations in paragraph 38, Trapper Intervenors state that the EA and Decision Record speak for themselves and are the best evidence of their own contents, and specifically denies any characterization of the EA and Decision Record.  To the extent a further response is required, Trapper Intervenors deny the remaining allegations.

39.    Trapper Intervenors are without sufficient information or knowledge to form an opinion as to the truth of the allegations in paragraph 39, and on that basis denies them in full.

40.    Trapper Intervenors admit that the Service issued a Biological Opinion in 2012, but states that the Biological Opinion speaks for itself and is the

best evidence of its own contents, and specifically denies any characterization of the Biological Opinion.  Trapper Intervenors are without sufficient information or knowledge to form an opinion as to the truth of the remaining allegations in paragraph 40, and on that basis denies them in full.

41.    Trapper Intervenors state that the Biological Opinion and Incidental Take Statement speak for themselves and are the best evidence of their own contents, and specifically denies any characterization of the Biological Opinion and Incidental Take Statement.  Trapper Intervenors are without sufficient information or knowledge to form an opinion as to the truth of the remaining allegations in paragraph 41, and on that basis denies them in full.

42.    Trapper Intervenors state that the Incidental Take Statement speaks for itself and is the best evidence of its own contents, and specifically denies any characterization of the Incidental Take Statement.  Trapper Intervenors are without sufficient information or knowledge to form an opinion as to the truth of the remaining allegations in paragraph 42 and on that basis denies them in full.

43.    Trapper Intervenors state that the Incidental Take Statement speaks for itself and is the best evidence of its own contents, and specifically denies any characterization of the Incidental Take Statement.  Trapper Intervenors are without

sufficient information or knowledge to form an opinion as to the truth of the

remaining allegations in paragraph 43 and on that basis denies them in full.

44.    Trapper Intervenors admit that the Service published a brochure, but

are otherwise without sufficient information or knowledge to form an opinion as to

the truth of the remaining allegations in paragraph 44, and thus deny them.

45.    Trapper Intervenors are without sufficient information or knowledge

to form an opinion as to the truth of the allegations in paragraph 45, and on that

basis denies them in full.

46.    Trapper Intervenors are without sufficient information or knowledge

to form an opinion as to the truth of the allegations in paragraph 46, and on that

basis denies them in full.

## CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION: NEPA

47.    Paragraph 47 is an incorporation of the Complaint's preceding

allegations; Trapper Intervenors incorporate its responses above.

48.    Trapper Intervenors state that paragraph 48 is a characterization of

federal law and requires no response, and states that federal statutes and

regulations speak for themselves and are the best evidence of their own contents.

Trapper Intervenors further state that the allegations in paragraph 48 are legal

conclusions and require no response.   To the extent a further response is required, Trapper Intervenors deny the allegations in full.

49.     Trapper Intervenors state that the EA speaks for itself and is the best evidence of its own contents, and specifically denies any characterization of the EA.  Trapper Intervenors further state that the allegations in paragraph 49 are legal conclusions and require no response.  To the extent a response is required, Trapper Intervenors deny the allegations in full.

50.     Trapper Intervenors state that the EA speaks for itself, and 40 C.F.R. § 1502.16 speaks for itself, and both serve as the best evidence of their own contents; Trapper Intervenors specifically deny any characterization of the EA or 40 C.F.R. § 1502.16.  Trapper Intervenors specifically deny that the EA fails to consider or disclose direct, indirect and cumulative environmental effects of the CITES wildlife program and also specifically denies that the EA improperly constrains its analysis of effects and avoids taking a hard look at the CITES wildlife program. Trapper Intervenors state that the remaining allegations in paragraph 50 are legal conclusions and require no response.  To the extent a response is required, Trapper Intervenors deny the allegations in full.

51.     Trapper Intervenors state that the EA speaks for itself, and 40 C.F.R. § 1500.1(b) speaks for itself, and both serve as the best evidence of their own

contents; Trapper Intervenors specifically deny any characterization of the EA or 40 C.F.R. § 1500.1(b).  Trapper Intervenors state that the remaining allegations in paragraph 51 are legal conclusions and require no response.  To the extent a response is required, Trapper Intervenors deny the allegations in full.

52.     Trapper Intervenors state that the EA speaks for itself and is the best evidence of its own contents; Trapper Intervenors specifically deny any characterization of the EA.  Trapper Intervenors state that the remaining allegations in paragraph 52 are legal conclusions and require no response.  To the extent a response is required, Trapper Intervenors deny the allegations in full.

53.     Trapper Intervenors state that the EA speaks for itself and is the best evidence of its own contents; Trapper Intervenors specifically deny any characterization of the EA.  Trapper Intervenors further specifically deny any characterization of Ninth Circuit case law advanced by Plaintiff, and otherwise denies the remaining allegations in paragraph 53 in full.

54.     Trapper Intervenors deny that the Service violated NEPA by failing to prepare an Environmental Impact Statement for the CITES wildlife export program.  Trapper Intervenors state that the remaining allegations in paragraph 54 are legal conclusions and require no response.  To the extent a response is required, Trapper Intervenors deny the allegations in full.

## SECOND CAUSE OF ACTION: ESA

55.     Paragraph 55 is an incorporation of the Complaint's preceding
allegations; Trapper Intervenors incorporate its responses above.

56.     Trapper Intervenors state that the Biological Opinion speaks for itself
and is the best evidence of its own contents, specifically denies any
characterization of the Biological Opinion and also specifically denies that any
aspect of the Biological Opinion is arbitrary and capricious.  Trapper Intervenors
are without sufficient information or knowledge to form an opinion as to the truth
of the remaining allegations in paragraph 56, and on that basis denies them in full.

57.     Trapper Intervenors state that the Incidental Take Statement speaks
for itself and is the best evidence of its own contents; Trapper Intervenors
specifically deny any characterization of the Incidental Take Statement.  Trapper
Intervenors further state that the Endangered Species Act speaks for itself and is
the best evidence of its own contents; Trapper Intervenors specifically deny any
characterization of the Endangered Species Act.  Trapper Intervenors also state that
it is without sufficient information or knowledge to form an opinion as to the truth
of the remaining allegations in paragraph 57, and on that basis denies them in full.

58.     Trapper Intervenors admit that states and tribes do not require
approval from the Service to authorize trapping or snaring.  Trapper Intervenors

further state that paragraph 58 is a characterization of federal regulations and requires no response, that the federal regulations speak for themselves and are the best evidence of their own contents; and that the allegations in paragraph 58 contain legal conclusions that require no response.  To the extent a response is required, Trapper Intervenors state that they are without sufficient information or knowledge to form an opinion as to the truth of the remaining allegations in paragraph 58, and on that basis denies them in full.

## GENERAL DENIAL

Trapper Intervenors deny any allegations in the Complaint, whether express or implied, that are not specifically admitted, denied, or qualified in this Answer.

## AFFIRMATIVE DEFENSES

1.     The allegations in the Complaint fail to state a claim upon which relief can be granted.

2.     This Court may lack subject matter jurisdiction over some of Plaintiffs' claims.

3.     This Court may lack jurisdiction over Plaintiffs' claims because they are moot.

4.     This Court may lack jurisdiction over Plaintiffs' claims because they are not ripe.

5.    Plaintiffs fail to name indispensable parties.

6.    The Complaint fails to demonstrate standing. Plaintiff does not show that it has suffered an injury-in-fact caused by the Defendants and redressable by the Court.

7.    Plaintiff has suffered no injury. In the alternative, Plaintiff has caused any injury it has suffered.

8.    Trapper Intervenors reserve the right to assert such affirmative defenses that may appear applicable during the course of this litigation.

**WHEREFORE**, Trapper Intervenors request that Plaintiffs take nothing by way of their Complaint, that judgment be entered in favor of the Defendants and Defendant-Intervenors against Plaintiffs in all matters, and that Defendants and Defendant-Intervenors be awarded costs, including reasonable attorneys' fees and other such relief as this Court deems just and appropriate.

Dated:  August 31, 2017          WORDEN THANE P.C.

*/s/ W. Carl Mendenhall*
W. Carl Mendenhall, #1916
111 North Higgins Avenue, Suite 600
P.O. Box 4747
Missoula, MT  59806-4747
(406) 721-3400
Fax (406) 721-6985
Email: cmendenhall@wordenthane.com

Dated:  August 31, 2017               RINKE NOONAN

                                      */s/ Gary R. Leistico*
                                      Gary R. Leistico (MN #24448X)
                                      1015 W. St. Germain St., Suite 300
                                      P.O. Box 1497
                                      St. Cloud, MN  56302-1497
                                      (320) 251-6700
                                      Fax (320) 656-3500
                                      Email:  gleistico@rinkenoonan.com

                                      ATTORNEYS FOR DEFENDANT-
                                      INTERVENORS MONTANA TRAPPERS
                                      ASSOCIATION, NATIONAL TRAPPERS
                                      ASSOCIATION,


                          **CERTIFICATE OF SERVICE**

       I hereby certify that, on August 31, 2017, a copy of the Answer to Plaintiff's

Supplemental and Amended Complaint of the Defendant-Intervenors Montana

Trappers Association and National Trappers Association, was electronically filed

with the Clerk of Court through the CM/ECF system, which will send notice of the

filing to all counsel of record.


                                      */s/ Gary R. Leistico*
                                      Gary R. Leistico