IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION


FILED
FEB 23 2018
Clerk, U.S District Court
District Of Montana
Missoula

| | |
|---|---|
| WILDEARTH GUARDIANS, | Lead Case No. CV 16-65-M-DWM |
| Plaintiff, | |
| and | Member Case No. CV 17-99-M-DWM |
| CENTER FOR BIOLOGICAL DIVERSITY, | |
| Consolidated-Plaintiff, | ORDER |
| vs. | |
| UNITED STATES FISH & WILDLIFE SERVICE; et al., | |
| Defendants, | |
| and | |
| MONTANA TRAPPERS ASSOCIATION, NATIONAL TRAPPERS ASSOCIATION, AND FUR INFORMATION COUNCIL OF AMERICA, | |
| Defendant-Intervenors. | |

Plaintiffs WildEarth Guardians and Center for Biological Diversity (collectively "Plaintiffs") are suing the United States Fish and Wildlife Service (the "Service") and its related entities (collectively "Federal Defendants") on the

1

grounds that they failed to comply with environmental and regulatory procedures in the administration and implementation of a federal export program that allows certain animal pelts and parts to be exported from the United States pursuant to the Convention on International Trade in Endangered Species ("CITES"). Wisconsin, Alaska, Michigan, Montana, and Wyoming (the "Coalition States") seek leave to file an amicus brief in support of the Federal Defendants pursuant to Local Rule 7.5. (Doc. 90.) That motion is denied.

Pursuant to Local Rule 7.5, a motion for leave to file an amicus brief must "state why the amicus is interested in the matter" and "why an amicus brief is desirable and relevant, including why the parties cannot adequately address the matter." L.R. 7.5(b)(2)(C), (D). Here, the Coalition States identify three interests: "(1) protecting state sovereignty and individual rights related to trapping and hunting; (2) reaffirming the capability and accountability of state wildlife managers; and (3) preserving economic and cultural benefits derived from trapping and hunting." (Doc. 90 at 4.) However, they fail to show that additional briefing on these matters is relevant, or to the extent it might be, how it is not adequately represented by the existing parties or the existing record.

This is an environmental procedure case based on an existing administrative record created and relied upon by a federal agency in its decisionmaking process. The Court's review is therefore significantly circumscribed by both the legal

questions presented—compliance with federal environmental statutes—and the facts considered—the certified administrative record. Either the administrative record supports the agency's decisions or it does not. State interests not included in that record and not considered by the agency are not relevant to that determination. On the other hand, state interests raised in the record are relevant and will be considered.[1] There is nothing more for the Coalition States to add, especially in light of the fact that many of the identified interests are also represented by existing intervening parties.

Accordingly, IT IS ORDERED that the Coalition States' motion (Doc. 90) is DENIED.

DATED this 23rd day of February, 2018.

Donald W. Molloy, District Judge
United States District Court

---

[1] Certain states, such as Wyoming and Wisconsin, weighed in during the administrative comment period and raised those interests presently forwarded by the Coalition States. (See Docs. 76-3 at 3, 76-4 at 2 (emphasizing the competency of state wildlife management); Doc. 76-6 at 3 (discussing the necessary funding for wildlife management maintained through the sale of licenses).)